JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIEL COWIE

### DEFENDANTS
FCA US, LLC,

**(b)** County of Residence of First Listed Plaintiff: **MACOMB**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **OAKLAND**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary S. McGehee (P42318)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067  (248) 398-9800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☒ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☒ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: **42 U.S. Code § 12101**
Brief description of cause: Disability and Age Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1-2-19
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Cowie,                                                          Case No.
                                                                       Hon.
       Plaintiff,

v.

FCA US LLC,

       Defendant.
_____/
Cary S. McGehee (P42318)
Attorney for Plaintiff
Pitt, McGehee, Palmer & Rivers
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
248-398-9800
248-398-9804 (fax)
cmcgehee@pittlawpc.com
_____/

## Complaint and Jury Demand

Plaintiff, Daniel Cowie ("Cowie"), brings this Complaint against Defendant, FCA US LLC ("FCA" or "Company"), for the following reasons:

### INTRODUCTION

1. This wrongful discharge case is asserted by Cowie and is based on disability discrimination and retaliation brought pursuant to the Americans with Disabilities Act ("ADA") 42 U.S. Code § 12101, and the Michigan Persons with Disabilities Act, MCL 37. 1101 *et seq.*; age discrimination brought pursuant

to the Age Discrimination in Employment Act, ("ADEA") 29 U.S.C. § 621, *et seq.*, and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") M.C.L. § 37.2701, *et seq*; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601.

2. The jurisdiction of this Court over this controversy is based on 28 U.S.C. §1331, to enforce the provisions of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12111(4)(5); the ADEA, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601.

3. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to address the claims brought under the Michigan Elliott- Larsen Civil Rights Act. MCLA § 37. 2201-2202, and the Michigan Persons with Disabilities Act, MCLA §37.1201, *et seq.*, because they are so related to the federal law claims that they form part of the same case or controversy.

4. Plaintiff has exhausted his administrative remedies as to his ADA and ADEA claims by timely filing a charge of disability discrimination and retaliation, and age discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. This Complaint is filed within 90 days of the date that plaintiff received his letter of Right to Sue from the EEOC.

6. Venue is proper in the Eastern District of Michigan, Southern Division, because the events giving rise to the action occurred in this district and division, and all parties reside in or operate within this district.

**STATEMENT OF FACTS**

7. Plaintiff, Cowie, who is currently 63 years old, was hired by FCA on or about February 14, 2011 as an Automation Specialist, Mid-Level Professional, at the Sterling Heights Assembly Plant (SHAP).

8. Plaintiff suffers from a disability- Ankylosing Spondylitis.

9. In 2013, due to his Ankylosing Spondylitis, Plaintiff was placed on work restrictions, as follows: working a maximum of 30 hours per week due to being easily fatigued, be allowed to sit, stand or walk up to 20 minutes per hour as required in order to control pain, and not being allowed to walk or work in high Hi Low traffic areas around large machinery due to having a limited field of view.

10. In or around April of 2013, as a result of Plaintiff's Ankylosing Spondylitis, and Defendant's failure to accommodate his work restrictions, Plaintiff went on a Family and Medical Leave.

11. In or around July of 2013, Plaintiff returned to work from FMLA as an Automotive Specialist.

12. Without accommodation, the Automotive Specialist job duties aggravated Plaintiff's Ankylosing Spondylitis.

13. When Plaintiff returned to work in July of 2013, FCA informed him that it would transfer him to a position that would accommodate his disability.

14. Upon his return to work, Plaintiff submitted more than 20 job applications internally seeking positions for which he was qualified, and which met his work restrictions.

15. Defendant failed to interview Plaintiff for any of these positions.

16. In 2014, FCA placed Plaintiff on a disability status leave claiming that it was unable to accommodate his disability.

17. In or about May of 2016, FCA required Plaintiff to undergo a medical examination. FCA's doctor, who performed this examination, opined that Plaintiff was able to return to work with restrictions.

18. In May of 2016, FCA removed Plaintiff from disability status and returned him to work as an Automotive Specialist at the SHAP.

19. Without accommodation, the Automotive Specialist position aggravated the symptoms of Plaintiff's Ankylosing Spondylitis. Consequently, Plaintiff applied for other positions within FCA that better met his work restrictions.

20. After Plaintiff was returned to work in May of 2016, he submitted more than 20 job applications internally seeking positions for which he was qualified, and which accommodated his disability.

21. Defendant failed to interview Plaintiff for any of these positions.

22. In approximately December of 2016, FCA transferred Plaintiff to its corporate office in Auburn Hills as an E-Wall Analyst.

23. Plaintiff was qualified to perform the E-Wall Analyst position and the job duties of the position met his work restrictions.

24. Plaintiff was treated disparately because of his age and disability and request for accommodation through Defendant's actions in lowering his Performance and Leadership Management program performance rating, which impacted the amount of his salary increases and bonuses.

25. In or around January of 2017, Plaintiff had a conversation with Darren Bedlow, the World Class Manufacturing Maintenance Pillar, who informed him that FCA had placed him on the "non-transferrable list."

26. Mr. Bedlow provided Plaintiff with no explanation as to why he was placed on this list.

27. On February 8, 2017, Plaintiff was asked to meet with Human Resources Talent Manager, Jenifer Campau. Ms. Campau informed Plaintiff that

5

he was being terminated because purportedly there were no positions within FCA which would accommodate his work restrictions.

28. At the time that Plaintiff was terminated, he was working as an E-Wall Analyst- a job that accommodated his work restrictions.

29. At the time that Plaintiff was terminated, Campau also told Plaintiff that he would not be placed back on disability status or provided with disability benefits.

30. Upon information and belief, following his return to work in May of 2016, there were many available positions at FCA which Plaintiff was capable of performing with accommodation, but FCA discriminatorily refused to place him into any of these positions, and instead, terminated his employment.

31. In August of 2017, after Plaintiff filed a claim with FCA's Disability Plan Administrator, Defendant admitted that it was improper to not return him to disability status, if FCA was refusing to accommodate his disability, and reinstated him and returned him to disability status.

32. Upon information and belief, Plaintiff was replaced by a substantially younger individual.

33. Defendant's decision to terminate Plaintiff was discriminatory based on his disability and age and was in retaliation for Plaintiff's repeated request for accommodation.

6

34. At the time that Defendant terminated Mr. Cowie, he was earning approximately $101,000 a year, along with valuable benefits employment.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (Disability Discrimination and retaliation)

35. Plaintiff incorporates the foregoing allegations by reference as though stated in full herein.

36. At all times relevant hereto, Plaintiff was an employee and Defendant was an employer under the ADA. 42 U.S.C. § 12111.

37. The ADA makes it unlawful for an employer to discriminate against a qualified individual because the individual has a disability, a record of a disability, or because the employer regards the individual as disabled.

38. At all times relevant to this action, Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. §12111(8) who, with or without accommodation, could perform the essential functions of his position as an Automotive Specialist and E-Wall Analyst, or numerous other available positions that Defendant could have transferred him to.

39. Plaintiff was an individual with a disability within the meaning of 42 U.S.C. §12102, in that he had a physical impairment that substantially limits one or more of his major life activities, who with or without accommodation could perform the essential functions of his job with Defendant, and/or Plaintiff

7

had a record of such a disability and/or was regarded by Defendant as having such a disability.

40. Plaintiff's disability is Ankylosing Spondylitis, which is a form of arthritis that mainly affects the spine and causes inflammation of the spinal joints.

41. Plaintiff's disability affected the major life activities of his ability to walk, sit, stand and work.

42. The ADA further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

43. At all times relevant hereto, Defendant had a duty under the ADA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendant's duty to accommodate Plaintiff includes, but is not limited to, transferring Plaintiff to an available position, providing Plaintiff with a reasonable time to recover, restructuring Plaintiff's job, and/or altering Plaintiff's work schedule, and/or providing Plaintiff with assistance in order to perform peripheral duties.

44. At all times relevant hereto, Defendant could have accommodated Plaintiff's disability without suffering an undue hardship.

45. At all times relevant hereto, Defendant had a duty not to retaliate against Plaintiff with respect to his employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for his requesting accommodation.

46. Notwithstanding said duties as set forth above, Defendant discriminated against Plaintiff because of his disability and/or because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability when it terminated Plaintiff's employment.

47. Notwithstanding said duties as set forth above, Defendant retaliated against Plaintiff for requesting accommodation when it terminated his employment.

48. As a direct and approximate result of Defendant's disability discrimination and retaliation Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, psychiatric disability, humiliation, physical injury, embarrassment, and emotional distress, loss of status in his chosen profession, and pain and suffering. resulting from the discriminatory and retaliatory conduct of the Defendant.

9

Accordingly, Plaintiff requests the following relief:

A.   An order reinstating Plaintiff to his former position or a comparable position.

B.   An order awarding Plaintiff compensation in an amount he is found to be entitled to.

C.   An order awarding Plaintiff liquidated damages as provided for under the ADA.

D.   An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ADA.

E.   An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT II
## VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### (Disability Discrimination and retaliation)

49.   Plaintiff incorporates all of the foregoing allegations by reference as though stated in full herein.

50.   At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of Michigan's PWDCRA, M.C.L. §37.1101, et seq.

51.   The PWDCRA makes it unlawful for an employer to discriminate against a qualified individual because the individual has a disability, a record of a disability, or because the employer regards the individual as disabled.

10

52. At all times relevant to this action, Plaintiff was a qualified individual with a disability pursuant to the PWDCRA who, with or without accommodation, could perform the essential functions of his position as an Automotive Specialist and E-Wall Analyst, or numerous other available positions that Defendant could have transferred him to.

53. Plaintiff was an individual with a disability within the meaning of the PWDCRA, in that he had a physical impairment that substantially limits one or more of his major life activities, who with or without accommodation could perform the essential functions of his job with Defendant, and/or Plaintiff had a record of such a disability and/or was regarded by Defendant as having such a disability.

54. Plaintiff's disability is Ankylosing Spondylitis, which is a form of arthritis that mainly affects the spine and causes inflammation of the spinal joints.

55. Plaintiff's disability affected the major life activities of his ability to walk, sit, stand and work.

56. The PWDCRA further requires employers to engage in a meaningful interactive process with employees with regard to reasonable accommodations.

57. At all times relevant hereto, Defendant had a duty under the PWDCRA to accommodate Plaintiff for purposes of employment unless the accommodation would impose an undue hardship. Defendant's duty to accommodate Plaintiff includes, but is not limited to, transferring Plaintiff to an available position, providing Plaintiff with a reasonable time to recover, restructuring Plaintiff's job, and/or altering Plaintiff's work schedule, and/or providing Plaintiff with assistance in order to perform peripheral duties.

58. At all times relevant hereto, Defendant could have accommodated Plaintiff's disability without suffering an undue hardship.

59. At all times relevant hereto, Defendant had a duty not to retaliate against Plaintiff with respect to his employment, compensation or terms, conditions or privileges of employment, or to limit, segregate, or classify Plaintiff for employment in any way which deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affect the employment status of Plaintiff, in retaliation for his requesting accommodation.

60. Notwithstanding said duties as set forth above, Defendant discriminated against Plaintiff because of his disability and/or because it regarded Plaintiff as disabled and/or because Plaintiff had a history of a disability when it terminated Plaintiff's employment.

61. Notwithstanding said duties as set forth above, Defendant retaliated against Plaintiff for requesting accommodation when it terminated his employment.

62. As a direct and approximate result of Defendant's disability discrimination and retaliation Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, psychiatric disability, humiliation, physical injury, embarrassment, and emotional distress, loss of status in his chosen profession, and pain and suffering. resulting from the discriminatory and retaliatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to his former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount he is found to be entitled to.

C. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the PWDCRA .

D. An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT III
## VIOLATION OF THE ADEA

63. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

64. At all times relevant to this action, Defendant was prohibited under the ADEA from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's age.

65. In violation of this duty, Plaintiff was terminated because of his age.

66. Plaintiff was replaced by a significantly younger employee.

67. The reasons given for Plaintiff's termination were pretextual in nature.

68. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, and emotional distress resulting from the discriminatory conduct of the Defendant.

Accordingly, Plaintiff requests the following relief:

A. An order reinstating Plaintiff to his former position or a comparable position.

B. An order awarding Plaintiff compensation in an amount he is found to be entitled to.

    C.    An order awarding Plaintiff liquidated damages as provided for under the ADEA.

    D.    An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ADEA.

    E.    An order granting Plaintiff such other relief as the court deems just and equitable.

## COUNT IV
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT
## (ELCRA – AGE DISCRIMINATION)

69. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

70. At all times relevant to this action, it was the duty of the company to refrain from discriminating against Plaintiff because of his age in violation of the ELCRA.

71. In violation of the ELCRA, Plaintiff was terminated because of his age and replaced by a substantially younger employee.

72. The reasons given for Plaintiff's termination were pretextual in nature.

73. Plaintiff has suffered, and will continue to suffer, all the injuries and damages as alleged above, including humiliation, embarrassment, emotional distress and mental anguish.

Accordingly, Plaintiff requests the following relief:

15

  A. An order reinstating Plaintiff to his former position or a comparable position.

  B. An order awarding Plaintiff economic and non-economic compensatory damages in an amount he is found to be entitled to.

  C. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided for under the ELCRA.

  D. An order awarding Plaintiff past and future emotional damages in an amount he is found to be entitled to.

  E. An order awarding Plaintiff such other relief as this court deems just and equitable.

## COUNT V
## (Violation of the Family and Medical Leave Act (FMLA))

74. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

75. At all times relevant hereto, Plaintiff was an employee and Defendants an employer within the meaning of the Family and Medical Leave Act, being 29 U.S.C. §2601, *et seq.*

76. Plaintiff fell within the protection of the FMLA as a person with a serious health condition. 29 U.S.C. §2612(a)(1)(C).

77. At all times relevant hereto, Plaintiff suffered from a serious health condition in that he had a physical condition that required continuing treatment from a healthcare provider.

16

78. Under the FMLA, Defendants had an obligation to provide Plaintiff with up to 12 weeks of leave for a serious health condition which rendered Plaintiff unable to perform the functions of his position.

79. In addition, under the FMLA, Defendants had an obligation to provide Plaintiff with the ability to take his leave time on an intermittent or reduced leave schedule. 29 U.S.C. §2612(b).

80. In addition, Defendants is prohibited under the FMLA from retaliating against Plaintiff for requesting and/or taking FMLA leave.

81. Notwithstanding Defendants' duties as set forth above, Defendants willfully violated the FMLA by terminating Plaintiff's employment for requesting FMLA leave, including, intermittent leave permitted the FMLA.

82. As a direct and approximate result of Defendants' violation of the FMLA, Plaintiff has and will continue to be deprived of wage loss, fringe benefits, status, seniority, and other advantages of employment; Plaintiff has, and in the future, will experience mental anguish, humiliation, physical injury, and other embarrassment, resulting from Defendant's violation of the FMLA.

Accordingly, Plaintiff requests the following relief:

    a. An Order of this Court allowing Plaintiff reinstatement to a position with Defendant within Plaintiff's restrictions;

 b. An Order of this Court awarding Plaintiff liquidated damages in accordance with the FMLA;

 c. An Order of this Court awarding Plaintiff compensatory damages in an amount in excess of $75,000.00 she is found to be entitled to;

 d. An Order of this Court awarding Plaintiff interest, costs, and attorney fees;

 e. An Order of this Court awarding Plaintiff such other equitable relief as this Court deems just and equitable.

Respectfully submitted,

PITT, McGEHEE, PALMER & RIVERS P.C.

By: _____
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com

Dated: January 2, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Cowie,

       Plaintiff,

v.

FCA US LLC,

       Defendant.

_____/

Case No.
Hon.

Cary S. McGehee (P42318)
Attorney for Plaintiff
Pitt, McGehee, Palmer & Rivers
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
248-398-9800
248-398-9804 (fax)
cmcgehee@pittlawpc.com
_____/

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in the within cause of action.

Respectfully submitted,

PITT, McGEHEE, PALMER & RIVERS P.C.

By: _____
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Ste. 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com

Dated: January 2, 2019